**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **ROBERTO CIVITA,** *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00852-O |
| § | |
| **PROFUTURE HOLDINGS, LLC (TX),** § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 13, 2023, United States District Judge Reed O'Connor ordered the parties to file briefs addressing whether the Court should transfer this case to another venue. ECF No. 14. Before the Court is the Brief in Support of Venue (ECF No. 15) filed by Plaintiffs (the "Civitas"); the Motion to Transfer Venue and brief and appendix in support (ECF Nos. 16-18) filed by Defendants ProFuture Holdings, LLC (TX) ("PFH (TX)"), ProFuture Holdings, LLC (OK) ("PFH (OK)"), ProFuture Texas, LLC ("PF Texas"), RC Equine Consulting, LLC ("RC Equine Consulting"), ProFuture Equine Networking, LLC ("PF Equine Networking") (collectively "Defendant LLCs"), Julia Frati ("Frati"), and Rafael Celeste ("Celeste") (collectively "Defendants"); Defendants' response to the Civitas' brief (ECF No. 19); and the Civitas' response (and appendix in support) to Defendants' brief (ECF Nos. 22-23). Judge O'Connor referred the Motion and related briefing to the undersigned for determination or recommendation by Order entered October 3, 2023. ECF No. 20. After consideration of the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion to Transfer Venue (ECF No. 16).

**I.     BACKGROUND**

This case is about the alleged improper care of horses. The Civitas allege that Defendants caused them damages by mismanaging their horses while they were in Defendants' care under the terms of a contract entered in or around 2016. *Id*. at 3-6. The Civitas sue the Defendants for breach of contract, fraud, negligent misrepresentation, tortious interference with prospective relations, unjust enrichment, conversion, trespass to chattel, negligence, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. ECF No. 1.

According to the Civitas' Complaint, Defendants (1) purposefully misled them regarding the status, sale, reproduction, profits, and return of the Civitas' horses and their foals, zygotes, oocytes, embryos, and any other such reproductive product ("Offspring"); (2) impregnated the Civitas' mares and sold their Offspring against their specific instructions; (3) through these actions, weakened the Civitas' breeding program by diluting the value of their prestigious horse bloodlines; (4) refused to return certain horses to the Civitas; (5) sold certain foals below market rates while withholding the proceeds of such sales; (6) bred the Civitas' mares with harmful drugging and palpating methods against the Civitas' consent; and (7) submitted false charges to the Civitas. *Id.*

The Civitas brought this lawsuit against Defendants in the Northern District of Texas, Fort Worth Division. ECF No. 1. The Civitas reside in Brazil. *Id.* at 1-2. PFH (TX) and PF Texas are Texas limited liability companies ("LLCs") with principal places of business in Texas. *Id*. at 2. PFH (OK), RC Equine Consulting, and PF Equine Networking are Oklahoma LLCs with principal places of business in Oklahoma. *Id.* Frati resides in Oklahoma. *Id.* The Civitas argue that Celeste resides in Texas, while Defendants maintain that he lives in Oklahoma and has never resided in Texas. *Id.*; ECF Nos. 17, 18-1 at 5.

Defendants move to transfer this case to the Western District of Oklahoma under 28 U.S.C. § 1404, contending that venue is improper in Texas, and that a transfer to Oklahoma would best serve the interests of justice, convenience, and efficiency. ECF No. 17 at 4. The Civitas maintain that venue is proper in the Northern District of Texas. ECF Nos. 15, 22.

## II.   LEGAL STANDARD

Even if venue is proper in a forum, a district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such a transfer is not a transfer between forums but between venues. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 308 n.2 (5th Cir. 2008) (en banc). "It is well settled that the party moving for a change of venue bears the burden" of demonstrating good cause for why the forum should be changed. *JTH Tax, LLC v. Yong*, No. 4:22-CV-01008-O, 2023 WL 5216496, at *2 (N.D. Tex. Aug. 11, 2023) (internal quotation marks omitted). To carry that burden, the defendant mush show that the transferee venue is "clearly more convenient than the venue chosen by the party." *Volkswagen*, 545 F.3d at 315.

If the defendant does not meet this burden, then "the plaintiff's choice should be respected." *Id*. This is because the plaintiff's choice of venue is also "a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Ent.*, 337 F.3d 429, 434-35 (5th Cir. 2003). The weight accorded the choice of venue "is diminished where the plaintiff brings suit outside his home forum." *Santellano v. The City of Goldthwaite*, 3:10-CV-2533-D, 2011 WL 1429080, at *2 (N.D. Tex. Apr. 14, 2011) (citing *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349 (S.D.N.Y. 1988)); *see also TransFirst Group, Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 459 (N.D. Tex. 2017). The Civitas bring this suit outside their home country of Brazil, so their choice of venue carries less weight.

Courts use a two-step inquiry for venue transfer questions. *Volkswagen*, 545 F.3d at 312. First, they ask whether the plaintiff could have originally brought suit in the transferee district. *Id*. Second, they weigh private and public interest factors to determine whether a venue transfer is for the convenience of parties and witnesses and in the interest of justice. *Id*. at 315.

### III.   ANALYSIS

#### A.   The Civitas could have sued in the Western District of Oklahoma.

To meet their burden, Defendants must first show that the Civitas could properly have brought suit against them in the Western District of Oklahoma. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

> A civil action may be brought in[ ](1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b). For venue purposes, a natural person is "deemed to reside in the judicial district in which that person is domiciled[,]" and courts deem a defendant LLC to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1)-(2).

Defendants successfully showed that the Civitas could properly have sued them in the Western District of Oklahoma under 28 U.S.C. § 1391(b)(2), since "a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated" there. ECF No. 17 at 6. Defendants contend that (1) "[t]he stabling and care of the Civitas' horses . . . occurred exclusively in Oklahoma[; (2) t]he Civitas' horses were never brought into Texas except by a third-party trainer hired by the Civitas' [; and (3)] all of the property that is subject of this action is situated in Oklahoma." *Id*. (citing ECF Nos. 18-1 at 1-6).

The Civitas raise no arguments and provide the Court no evidence to the contrary. If anything, their fact allegations lend support to Defendants' contentions, since the complaint alleges that Defendants worked "in conjunction with the University of Oklahoma." ECF No. 1 at 5. Accordingly, venue is proper in Oklahoma because a substantial part of the events giving rise to the claim occurred there, satisfying 28 U.S.C. § 1391(b)(2).

The Civitas' argument wholly focuses on proving venue is proper in the Northern District of Texas, specifically under 28 U.S.C. § 1391(b)(1). *See* ECF Nos. 15, 22. The question in a motion to transfer venue, however, is not whether the original venue is proper, but whether the proposed venue is clearly more convenient than the chosen venue. *Volkswagen*, 545 F.3d at 315.

### B.   The Western District of Oklahoma is clearly a more convenient forum than the Northern District of Texas.

When considering a motion to transfer venue, a district court must examine several private and public interest factors, "none [of which] can be said to be of dispositive weight." *Volkswagen*, 545 F.3d at 315 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. Courts sometimes include in the private interest factors three additional factors: "(5) the place of the alleged wrong; (6) the possibility of delay and prejudice if the case is transferred; and (7) the plaintiff's right to choose its forum." *See DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003); *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005). The final factor—the plaintiff's right to choose its forum—is not an independent factor but instead relates to the burden of proof. *Volkswagen,* 545 F.3d at 314 n.10.

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the" governing law; and "(4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* at 315 (alteration in the original). The Court notes that the Civitas do not put forward any specific arguments on the public or private interest factors, so to the extent their arguments affect the factors, the Court will discuss them. ECF Nos. 15, 22.

           1.     The private interest factors favor transfer to Oklahoma.

Of the private interest factors, four weigh in favor of transfer to Oklahoma, and two are neutral. Defendants argue that the first three private factors weigh in favor of transfer to Oklahoma because:

> [(1) w]ith the exception of the Civitas, who reside in Brazil, all potential witnesses for this case are located in Oklahoma[; (2)] Julia Frati and Rafael Celeste both reside in Oklahoma[; (3) t]he principal place of business of the entity that verbally contracted with the Civitas for the stabling and care of the horses is Purcell, Oklahoma[; and (4)] Defendants are unaware of any fact witnesses who are located in Texas.

ECF No. 17 at 7. The Court will discuss these arguments separately with each factor.

           *a.*     *The relative ease of access to sources of proof favors transfer to Oklahoma.*

This factor "focuses on the location of documents and physical evidence relating to the case." *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (cleaned up). "The question is *relative* ease of access, not *absolute* ease of access." *Id.* (emphasis in original). Thus, this factor favors transfer when "the current district lacks any evidence relating to the case[, b]ut when the vast majority of the evidence is electronic, and therefore equally accessible in either forum," this factor is weaker. *Id.* at 358-59 (cleaned up).

No party directly addresses the location of documents and physical evidence. Defendants contend that the horses and activities related to them solely took place in Oklahoma at the PF Equine Networking facility. ECF No. 18-1 at 2, 5. PFH (TX) and PF Texas have principal places of business in Texas. ECF No. 1 at 2. PFH (OK), RC Equine Consulting, and PF Equine Networking have principal places of business in Oklahoma. *Id*. Thus, on balance, this factor weighs in favor of transfer.

The Civitas correctly argue that the Defendant LLCs reside in Texas (though they likely also reside in Oklahoma) for venue purposes since Defendants admit that the Northern District of Texas has personal jurisdiction over them. ECF No. 13 at 2; 28 U.S.C. § 1391(c)(1)-(2) (a defendant LLC is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); ECF No. 22 at 2. But they make no argument as to how the residences of the Defendant LLCs affects access to sources of proof.

> b.  *The availability of compulsory process to secure the attendance of witnesses favors transfer.*

This factor favors transfer when the transferee venue has absolute subpoena power over a greater number of non-party witnesses than the current venue. *Internet Mach. LLC v. Alienware Corp.*, No. 6:10-CV-023, 2011 WL 2292961, at *6 (E.D. Tex. June 7, 2011); *In re TikTok, Inc.*, 85 F.4th at 360. A district court may compel attendance of a non-party witness through subpoena if the witness lives within the district or if the proceedings are "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1). "The availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *In re TikTok, Inc.*, 85 F.4th at 360 (cleaned up). Here, no party alleges that any witnesses would be unwilling to testify, so this factor receives less

weight. Defendants allege that all non-party witnesses are located in Oklahoma, and the Civitas do not dispute this. ECF No. 17 at 7. Accordingly, this factor favors transfer.

### c. The cost of attendance for willing witnesses favors transfer.

"The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *The Whistler Group, Inc. v. PNI Corp.*, CIV. A. 3:03-cv-1536-G, 2003 WL 22939214, at *3 (N.D. Tex. Dec. 5, 2003). "Of the witnesses, the convenience of the non-party witnesses is accorded the greatest weight." *Id.* A party seeking a transfer must "identify the key witnesses," specify their location clearly, and "make a general statement of what their testimony will cover." *Raz Imports, Inc. v. Luminara Worldwide, LLC*, No. 3:15-cv-02223-M, 2015 WL 6692107, at *6 (N.D. Tex. Nov. 3, 2015). The Fifth Circuit has set a 100-mile threshold for convenience to witnesses, after which "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d 304 at 317 (citing *In re Volkswagen AG*, 371 F.3d at 204-05). This is because "additional distance means additional travel time[,] meal and lodging expenses[,] time witnesses must be away from their regular employment[,]" and additional "personal costs associated with being away from work, family, and community[.]" *In re TikTok, Inc.*, at 361.

The Civitas reside in Brazil and must make travel arrangements from Brazil for the entire trial regardless of the venue, so while the *Volkswagen* 100-mile threshold is met, their residence is neutral here. As for the potential witnesses Defendants describe, Defendants failed to satisfy their burden by not providing the name, address, or proposed testimony of a single witness, so their residences are neutral. Frati's Oklahoma residence favors transfer. Finally, while the parties dispute Celeste's residence, he undeniably would prefer transfer to Oklahoma, so this fact also favors transfer. ECF No. 17. Accordingly, this factor supports transfer.

> d. *All other practical problems that make trial of a case easy, expeditious, and inexpensive are neutral.*

When a defendant "inexcusably delay[s]" bringing its motion until late in the litigation, this factor weighs against transfer. *In re TikTok, Inc.*, at 362 (internal quotation marks omitted). But courts do not consider "garden-variety delay." *Id.* (internal quotation marks omitted). Here, there is no inexcusable delay. Defendants discuss this factor generally and broadly argue that it weighs in favor of transfer. ECF No. 17 at 7. The Civitas do not discuss this factor at all. Because Defendants asserted nothing specifically, they failed to carry their burden here, and this factor is neutral.

> e. *The place of the alleged wrong favors transfer to Oklahoma.*

Defendants argue that this factor favors transfer to Oklahoma, where the parties allegedly improperly stabled and cared for the horses and otherwise committed the alleged wrongs. The Civitas in no way dispute this, and this factor heavily favors transfer to Oklahoma.

> f. *The possibility of delay and prejudice if the case is transferred is neutral.*

The Fifth Circuit recognizes "that in rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." *In re Horseshoe Ent.*, 337 F.3d at 434. Here, no party presented any evidence that transfer would delay the proceedings or prejudice a party. Thus, this factor is neutral.

> 2. The public interest factors favor transfer.

Of the public interest factors, two are neutral, and two weigh in favor of transfer.

9

> *a. The administrative difficulties flowing from court congestion slightly favor transfer.*

When measuring administrative congestion, courts look to the median time of civil proceedings in the two locations, not simply by the number of cases pending. *See Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016) (noting that "[i]n analyzing this factor courts often consider the median time interval from case filing to disposition" and finding that a median time of 34.6 months compared to 21.3 months constituted a significant difference). As of September 2023, the Western District of Oklahoma had a significantly higher median time of 9 months from filing to disposition in civil cases than the Northern District of Texas did at 6.6 months. U.S. CTS., FEDERAL COURT MANAGEMENT STATISTICS: U.S. DISTRICT COURTS—COMBINED CIVIL AND CRIMINAL PROFILES (Sep. 30, 2023), https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0930.2023.pdf. Because the Northern District of Texas has a lower median time of case disposition, it is less congested.

Defendants also argue that if the case stays in Texas, because all potential witnesses reside in Oklahoma, any compulsory processes will burden both the Northern District of Texas and the Western District of Oklahoma. ECF No. 17 at 8. The Civitas only challenge the residence of Celeste, a potential witness. ECF Nos. 15, 22.

The parties have submitted conflicting evidence as to Celeste's domicile. *Compare* ECF No. 18-1 at 2, 5 *with* ECF No. 15-1 at 2-4, 8-10. Frati and Celeste testified by affidavit that Celeste lives in Purcell, Oklahoma and has "never resided in Texas." ECF No. 18-1 at 2, 5. But in the organizational documents of PFH (TX) and PF Texas, Celeste "certifie[d] under penalty of perjury" that his address was in Weatherford, Texas. ECF No. 15-1 at 2-4, 8-10. Both of these pieces of evidence are self-authenticating under Federal Rules of Evidence 902(1) and (8). Accordingly, Celeste's residence is neutral as to this factor.

Frati indisputably resides in Oklahoma, so her residence weighs in favor of transfer. Defendants also argue that all potential witnesses reside in Oklahoma, weighing for transfer. The Civitas reside in Brazil, so their residence is neutral. Thus, Frati and the other potential witnesses' Oklahoma residences slightly favor transfer. On balance, this factor marginally favors Oklahoma as the more convenient venue.

> b. *The local interest in having localized interests decided at home strongly favors transfer to Oklahoma.*

This factor considers whether any venue has connections to the events that gave rise to the suit. *Volkswagen.*, 545 F.3d at 317-18. Courts look to the "significant connections between a particular venue and the events that gave rise to a suit." *In re TikTok, Inc.*, 85 F.4th at 364 (internal quotation marks omitted). "Indeed, the place of the alleged wrong is one of the most important factors in venue determinations." *Id.* (internal quotation marks omitted). Defendants argue this factor favors transfer to Oklahoma, the place where the parties entered the contract, Defendants stabled and cared for the horses, Defendants allegedly breached the contract, and some of the horses are still located. ECF No. 17 at 8. They argue further that there is no relevant factual connection to Texas. *Id.* The Civitas only contend that Texas is the residence of Celeste and the LLC Defendants for venue purposes. ECF Nos. 15, 22. But this in no way shows relevant factual connections to Texas. *Volkswagen*, 545 F.3d at 317-18. Accordingly, this factor heavily favors transfer to Oklahoma.

> c. *The familiarity of the forum with the law that will govern the case is neutral.*

Here, neither party has briefed or conclusively proven what substantive law should apply to the case. Any federal court will be equally able to determine which state's law applies and apply that law to the facts of the case, making this factor neutral. *See X Techs., Inc. v. Marvin Test Sys.,*

11

*Inc.*, CIV.A.SA-10-CV-319-X, 2010 WL 2303371, at *7 (W.D. Tex. June 7, 2010) (finding that the familiarity of governing law factor was neutral because "[w]ithout additional evidence, the Court is reluctant to declare conclusively [what state] law applies to this case").

> d.  *The avoidance of unnecessary problems of conflict of laws or in the application of foreign law is neutral.*

The parties make no argument concerning problems of conflict of laws or foreign law in this case, and thus this factor is neutral.

## IV.  CONCLUSION

Defendants have shown good cause why the Court is not the most convenient venue for the parties or for the witnesses. The Civitas do not dispute much of the Defendants' factual arguments but instead emphasize evidence of the residence of one individual and the Defendant LLCs. After considering the arguments of the parties and applying the appropriate factors to the evidence presented, the undersigned concludes that for the convenience of the parties and witnesses and in the interest of justice, the case should be transferred to Oklahoma. The undersigned therefore **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Transfer Venue (ECF No. 16) and transfer this case to the United States District Court for the Western District of Oklahoma.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 4, 2024.

_____<br>
Hal R. Ray, Jr.<br>
UNITED STATES MAGISTRATE JUDGE